UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RUHEL CHOUDHURY and IFFAT LUBNA,<br><br>Defendants. | ORDER<br>23-CR-00278 (NRM) |

NINA R. MORRISON, United States District Judge:

The Court has reviewed the parties' submissions regarding the government's thirteen motions in limine. ECF Nos. 412, 424, 430, 431. The Court issues the following rulings and directives.

As to the government's first motion in limine, in which it seeks to admit certain self-authenticating records at trial, the defendants have indicated that they will not object to the admission of records that are properly certified or otherwise self-authenticating under Fed. R. Evid. 902. The government shall provide defendants with any certifications currently in its possession for records that it seeks to introduce at trial, to the extent it has not already done so. The parties shall then confer to determine whether the defendants object as to the admission of any of these records without the testimony of a custodian or other documentation. The parties will file a joint letter by **March 17, 2026, at 11:00AM** indicating whether there are any outstanding areas of disagreement as to which records may be authenticated via certification and whether defendants maintain that any such records must be authenticated through the testimony of a custodian witness or otherwise. If there

1

are any remaining disputes, the Court will address them at the final pretrial conference on March 18, 2026.

For the government's second, third, fourth, and fifth motions in limine, the government asks the Court to make prospective rulings on certain categories of evidence by providing "representative examples" of that evidence, without specifying the particular records or statements it seeks to introduce. To aid the Court's resolution of these disputes, the government shall file a supplemental submission by **February 28, 2026**, indicating which specific records or statements it seeks to admit for each of its motions, and the defendants shall each file a response noting any remaining objections to the evidence in the government's supplemental submission by **March 6, 2026**. The government's submission shall be made in accordance with the following:

For the second motion in limine, in which the government seeks to admit the 911 call concerning John Doe-2, defendants concede that certain portions of the call are admissible as present sense impressions. For its part, the government concedes that certain statements in the call may be inadmissible hearsay or excludable on other grounds. The government shall thus file a transcript of the 911 call indicating which portions it seeks to introduce at trial. (For ease of reference, the government may simply highlight the portions of the call that it does (or does not) intend to admit at trial, or may provide a list of the statements in narrative form.)

For the third motion in limine, in which the government seeks to admit

2

John Doe-2's hospital records, the government has identified a number of representative excerpts from the hospital or medical records which it contends are admissible as exceptions to the rule against hearsay. The defendants do not appear to contest that at least some of the information in these records is admissible under Fed. R. Evid. 803(4) or otherwise, but have indicated that they may oppose the admission of other information, including certain statements made by John Doe-2's contained therein, which defendants argue may constitute inadmissible hearsay within hearsay or be excludable on other grounds. The government shall, in its submission, specify which portions of the medical records containing John Doe-2's statements it seeks to introduce at trial (which it may do by filing a highlighted copy of the records so indicating, or by listing those excerpts in narrative form). To the extent defendants take the position that any portions of the government's proffered evidence in these records are inadmissible, they shall outline their objections in their supplemental response.

For the fourth and fifth motions in limine, in which the government seeks to introduce the statements of two alleged co-conspirators as well as non-party witnesses, the government in its Reply submitted, for the first time, hundreds of pages of electronic communications and transcripts of audio recordings. The government shall specify the specific statements within these records that it seeks to introduce at trial (which it may do by filing a highlighted copy or by listing them in narrative form). For present purposes,

3

to the extent that the government seeks to introduce statements as opposing party statements under the coconspirator exception in Fed. R. Evid. 802(d)(2)(E), the parties need not address the issue of whether the government has shown that the declarants are coconspirators or whether the statements are made in furtherance of the conspiracy. The Court will resolve that issue at trial. Assuming *arguendo* that the government meets its burden of showing that Rule 802(d)(2)(E) applies, for purposes of its supplemental brief, the government shall identify the specific coconspirator statements that it seeks to introduce (which, again, it may do by attaching a highlighted copy or submitting a narrative list). The defendants shall outline any remaining anticipated objections (other than their claim, which is preserved, that the government has yet to meet its burden under Rule 802(d)(2)(E)) and state the grounds for those objections in their supplemental response.

The Court understands that the government is still preparing its trial presentation, and the government reserves the right to introduce at trial any additional records or statements not identified in its February 28, 2026 submission that it cannot reasonably anticipate relying upon at this time. The Court also understands that the defendants' objections and the government's responses to those objections may evolve as the trial proceeds. However, the government's investigation into these charges has been pending for nearly three years. Thus, the Court anticipates that the government will be able to identify the vast majority of the

4

statements or records that it currently intends on introducing at trial, including any statements or records that it believes may result in evidentiary disputes, and that the defendants will be able to lodge at least some principal objections in advance of trial based on their existing familiarity with the record, so as to allow the Court to resolve as many of those disputes in advance of trial as possible.

The Court appreciates the parties' briefing on the government's sixth motion in limine, to prospectively admit what the government anticipates will be John Doe-2's and John Doe-3's prior consistent statements, but defers ruling on these issues until trial, given that the resolution of this motion will largely depend on the trial testimony given by each complainant.

At this time, the Court does not require any additional briefing or submissions on the government's seventh motion in limine, in which it seeks to introduce evidence of defendant Choudhury's alleged flight and consciousness of guilt.

As to the government's eighth motion in limine, to admit evidence of the March 27 John Doe-1 kidnapping for the specific purposes outlined in the government's motion in limine, the admissibility of this evidence depends heavily on the nature of the trial testimony given by John Doe-2 and John Doe-3, as well as on the defendants' theory (or theories) at trial. Further, even if this evidence is admissible against defendant Choudhury on the grounds outlined by the government, it may be excluded under Fed. R. Evid. 403 if it risks unfairly prejudicing defendant Lubna in a manner that cannot be cured by a limiting instruction. These issues are better evaluated during trial, and the Court therefore defers ruling on this motion. The government

shall not mention this evidence in its opening statement, and the Court will revisit the issue with the parties at the appropriate juncture during trial.

The government's ninth motion in limine, to exclude any suggestion by the Defense that evidence was unlawfully obtained, is granted as unopposed.

The Court defers ruling on the government's tenth motion in limine, in which it seeks to limit cross-examination on John Doe-2's criminal history. However, the parties will provide a joint status letter by **March 2, 2026** indicating whether there is any outstanding discovery with respect to John Doe-2's prior convictions. The government's request to preclude cross-examination regarding John Doe-2's April 2023 arrest is granted as unopposed.

As for the eleventh motion in limine, in which the government seeks to preclude cross-examination of witnesses with certain § 3500 material, the parties (and the Court) appear to be in agreement about the applicable law and the scope of allowable cross-examination. The Court will resolve at trial any disputes that arise about the manner of impeachment or rehabilitation with respect to this material.

At this time, the Court does not require any additional briefing or submissions on the government's twelfth motion in limine, in which it seeks to exclude evidence of defendant Lubna's "personal circumstances." The Court will address this issue with the parties at the final pretrial conference. The government's request to preclude arguments and evidence about jury nullification or potential punishment and collateral consequences is granted as unopposed.

Finally, as to the government's thirteenth motion in limine, in which it seeks

to order the defendants to disclose certain discovery and trial exhibits by a date certain, the parties shall confer on a schedule for the defendants' reciprocal disclosures and any disputes as to their scope.  Specifically, defense counsel shall promptly provide the government with a proposed timeline for their remaining disclosures under Fed. R. Crim. P. 16 and 26.2.  The parties shall file a joint letter with the Court by **March 2, 2026**, indicating whether they have resolved this issue and, if so, what the timing and scope of reciprocal discovery will be; if they are not in agreement, the Court will schedule a conference to resolve any outstanding disputes.

**SO ORDERED.**

_/s/ Nina R. Morrison_
NINA R. MORRISON
United States District Judge

Dated:     February 24, 2026
           Brooklyn, New York