UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

IFFAT LUBNA,

Defendant.

23-CR-278-NRM-2

**<u>JURY INSTRUCTIONS</u>**

NINA R. MORRISON, United States District Judge:

Now that the evidence in this case has been presented and the attorneys for the government and the defendant have concluded their closing arguments, it is my responsibility to instruct you as to the law that governs this case. My instructions will be in three parts:

First, I will instruct you regarding the general rules concerning the duties of a jury in a criminal case.

Second, I will instruct you as to the legal elements of the crimes charged in this case. That is, I will tell you what the government must prove beyond a reasonable doubt to permit a guilty verdict.

Third, I will instruct you as to some general rules regarding your deliberations.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be — it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

1

## I. GENERAL INSTRUCTIONS

### A. THE FUNCTION OF THE COURT, THE JURY, AND COUNSEL

1.   <u>The Duties of the Jury</u>

To begin with, it is your duty to find the facts from all the evidence or lack of evidence in this case.  You are the sole judges of the facts and it is therefore for you and you alone to determine the weight of the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you decide are reasonable and warranted from the evidence.

With respect to any question concerning the facts, it is your recollection of the evidence that controls.

You must apply the law to the facts as you find them in keeping with my instructions.  While the lawyers may have commented on some of these rules, you must be guided only by what I instruct you about them.  You must follow all the rules as I explain them to you.  You may not follow some and ignore others; even if you disagree with some of the rules or don't understand the reasons for some of them, you must follow them.

2.   <u>Role of the Court</u>

It is my duty to instruct you on the law.  You must accept my instructions and apply them to the facts as you determine them.

It would violate your sworn duty to base a verdict on any view of the law other than the one I will give to you.  This means you must follow my instructions regardless of any opinion that you may have as to what the law might or should be,

2

and regardless of whether any attorney has stated a legal principle differently from how I might state it now.

You must also consider these instructions as a whole during your deliberations and may not single out any instruction as alone stating the law.

### 3.    Parties Are Equal Before the Court

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that this prosecution is brought in the name of the United States government does not entitle the United States to any greater or lesser consideration than you give to the defendant, Ms. Lubna.  Both the United States government and Ms. Lubna are equals in a court of law.

The question before you is not: will the government win or lose the case? The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

### 4.    Conduct of Counsel

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me. You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of

evidence, or asked for a conference out of the hearing of the jury or asked for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about whether you believe that evidence, or the weight or effect you may give to such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

## B. THE INDICTMENT

Ms. Lubna is charged in what is called an indictment, which is just a statement of charges or accusations. The indictment is not itself evidence. It does not create any presumption or permit any inference that she is guilty.

Each charge in the indictment is called a "count." The indictment contains four counts. Each count charges Ms. Lubna with a different crime. The number of counts charged is not evidence of guilt and should not influence your decision in any way. You will be asked to render a separate verdict on each count, and you must consider the evidence and law that applies to each count separately. Whether you find Ms. Lubna guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

## C. BURDEN OF PROOF

### 1.    Presumption of Innocence

Ms. Lubna has pleaded not guilty to each of the charges in the indictment. To convict a defendant of a crime, the burden is on the prosecution to prove that defendant's guilt of each element of that criminal charge beyond a reasonable doubt. This burden never shifts to Ms. Lubna, for the simple reason that the law presumes

4

a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. In other words, each person accused of a crime starts with a clean slate. Ms. Lubna is presumed innocent of each charge against her until such time — if ever — that you as a jury are satisfied that the government has proven that she is guilty of that charge beyond a reasonable doubt.

The presumption of innocence remains with Ms. Lubna even now as I speak to you, and it will continue with her into your deliberations. That means that you are required to find Ms. Lubna not guilty unless and until, after careful and impartial consideration of all the evidence or lack of evidence in this case, you, as jurors, are convinced unanimously that the government has proven her guilty beyond a reasonable doubt as to the charge you are considering.

### 2.    Burden of Proof on Government

Because the law presumes Ms. Lubna to be innocent, the burden of proving her guilt beyond a reasonable doubt rests with the government throughout the trial. A defendant never has the burden of proving her innocence. Indeed, a defendant need not produce any evidence at all.

### 3.    Proof Beyond a Reasonable Doubt

Because the government is required to prove each defendant's guilt beyond a reasonable doubt, the question then is: What is a reasonable doubt?

The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in making the most

5

important decisions in his or her own life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the making the most important decisions in his or her own life.  It is the highest burden of proof imposed by our legal system.

A reasonable doubt is not mere speculation or suspicion.  The law does not require that the government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to Ms. Lubna's guilt with respect to any element of a particular charge against her, you must find her not guilty of that charge.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Ms. Lubna's guilt with respect to each and every element of a particular charge against her, you should find her guilty of that charge.

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and Ms. Lubna is not required to call any witnesses or offer any evidence, since she is presumed to be innocent.

## D. EVIDENCE, INFERENCES, AND CREDIBILITY

### 1.    What Is and Is Not Evidence

I wish to instruct you now as to what counts as evidence, and how you should consider it.  The evidence you should consider in deciding what the facts are comes in several forms:

- Sworn testimony of witnesses, both on direct and cross-examination, and regardless of who called them;

- Exhibits that have been received into evidence by the Court; and

- Facts as to which both parties have agreed to in a stipulation. A stipulation is an agreement among the parties that a certain fact is true, and may be read to you by the parties or by the Court. You should regard such agreed facts as true.

Certain things are not evidence and must therefore be disregarded by you in deciding what the facts are. The following are not evidence:

- The contents of the indictment are not evidence.

- Arguments or statements by lawyers are not evidence.

- Questions asked to the witnesses are not evidence. If a witness affirms a particular fact in a question by answering "yes," you may consider that fact as something that the witness has agreed on; but the weight that you give that fact is up to you.

- Objections to questions or to offered exhibits are not evidence. Attorneys have a duty to their clients to object when they believe evidence should not be admitted at trial. You should not be influenced by attorneys' objections or by the Court's ruling on them. If the objection was sustained, ignore the question. If the question was answered before the objection was sustained, you should ignore the question and answer. However, if the objection was overruled, you may consider the answer, and treat it like any other answer.

- Testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence.

- Obviously, anything you may have seen or heard outside the courtroom is not evidence.

- Nothing that I have said or done is evidence. Your decision must be based on your own assessment of the evidence, not any speculation about what the judge or anyone else in the courtroom might think about the evidence.

2.    Available Evidence

Although the government bears the burden of proof, the law does not require the government to call as witnesses all persons who may appear to have some knowledge of the matters at issue at this trial. Nor does the law require that all things mentioned during the course of the trial be produced as exhibits.

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify. You should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.

You may, however, consider the absence of evidence in determining whether the government has met its burden of proof beyond a reasonable doubt. Ms. Lubna, of course, has no burden to offer any evidence.

Additionally, there is no legal requirement that the government use any specific investigative technique or pursue every investigative lead to prove its case. However, it is perfectly permissible for the defense to attack the reliability of the government's investigation in arguing that the government has not sustained its burden to prove the defendant guilty beyond a reasonable doubt. Your role is to

8

determine whether it has sustained that burden based on the evidence or lack of evidence.

### 3.    Inferences Drawn from the Evidence

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted to draw — but not required to draw — from the facts that have been established by either direct or circumstantial evidence.

### 4.    Direct and Circumstantial Evidence

In deciding whether or not the government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly.  For example, when a witness testifies to what he or she personally saw, heard, or observed, that is called direct evidence. And as with any other kind of evidence, it is up to you, the

9

jury, to determine whether you believe some, all, or none of the direct evidence to which a witness may have testified, and what weight to give that evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but because there are no windows in the courtroom you cannot look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. You cannot look outside to see whether or not it is raining. But on the combination of the facts about the umbrella and the raincoat, you could infer that it had begun to rain.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that you cannot do so by speculation or guesswork: it must be a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

5.    Translations

During the trial, you have heard from some witnesses who testified in Bengali, and whose testimony was translated into English. You have also been shown audio and video recordings and documents that were partially or entirely in Bengali, or in transliterated Bengali, and you were provided with English translations of those recordings or documents or portions of them. The interpreters translated the

10

witnesses' testimony, and the parties agreed on the English translations of the recordings and documents. Bengali-to-English translations of that evidence have been admitted into evidence. All jurors must consider the same evidence. If any of you speak or read or know any Bengali, you must still base your decision on the evidence presented in the English translation. You should consider these translations like any other evidence in this case.

6.      Redactions

Some of the documents and audio recordings entered into evidence in this case have been redacted, meaning parts were deleted. Redactions were required for legal reasons which are not relevant to your determination of the issues in this case. I instruct you that you should not speculate about the material that was redacted or the reasons for the redaction.

7.      Evidence Obtained Pursuant to Lawful Procedures

You have heard and seen evidence in the form of recordings of written communications that were obtained without the knowledge of some or all of the parties to those conversations. You have also seen evidence obtained from electronic devices. The use of these procedures to gather evidence is perfectly lawful and the government has the right to use such evidence in this case.

8.      Other Persons Not on Trial

You have heard evidence about the alleged involvement of certain other people in the crimes charged in the indictment. You may not draw any inference, favorable or unfavorable, towards the government or Ms. Lubna from the fact that

11

certain people are not on trial before you.  You should neither speculate as to the reason these other people are not on trial before you nor allow their absence to influence your deliberations in this case.  The only issue in this case is whether or not the government has proven the charges against Ms. Lubna beyond a reasonable doubt.

        9.       <u>Number of Witnesses and Uncontradicted Testimony</u>

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should find the facts in favor of the side offering more witnesses or evidence.  By the same token, you do not have to accept the testimony of any witness if you find the witness not to be credible. You have to decide which witnesses to believe, which facts are true, and what conclusions you should draw from their testimony.  To do this, you must look at all the evidence, drawing upon your own common sense and personal experience, keeping in mind that the burden of proof is always on the government.  The defendant is not required to call any witnesses or offer any evidence, since she is presumed to be innocent.

        10.     <u>Defendant's Choice Not to Testify</u>

Ms. Lubna did not testify in this case.  Under our Constitution, defendants have no obligation to testify or to present any other evidence because it is the government's burden to prove any defendant guilty beyond a reasonable doubt.  That burden remains with the government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that she is innocent because she is presumed to be innocent under the law.

12

You may not attach any significance to the fact that Ms. Lubna did not testify. You may not draw an adverse inference against her because she did not take the witness stand. You may not consider this against Ms. Lubna in any way in your deliberations in the jury room.

11.    Testimony of Law Enforcement Officers

During the trial, you heard testimony from law enforcement officers. The testimony of these witnesses should be evaluated in the same manner as the testimony of any other witness. The mere fact that a witness is or was employed as a law enforcement official does not mean that his or her testimony is deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness. It is for you to decide, after weighing all the evidence and in light of the instructions I have given you about the factors relevant to determining the credibility of any witness, whether to accept the testimony of a law enforcement witness, and what weight, if any, that testimony deserves.

12.    Witnesses with Agreements

You have heard the testimony of a witness, Sheikh Mahode Hasan Preo, who has been promised that in exchange for testifying truthfully, completely, and fully, and not invoking his privilege against self-incrimination, he will not be prosecuted by the United States Attorney's Office for the Eastern District of New York for certain crimes regarding the submission of an asylum application on December 15, 2023, which conduct he may have admitted either here in court or in interviews with the prosecutors. This promise was not a formal order of immunity by the Court, but was arranged directly between the witness and the government. The government is

13

permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness's testimony alone, if you find that his testimony proves the defendant guilty of the crime or crimes charged in the indictment beyond a reasonable doubt. However, the testimony of a witness who has been promised that he will not be prosecuted for certain crimes should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony. Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

13.    Credibility of Witnesses and Discrepancies in Testimony

You are the sole judges of the credibility of the witnesses and of the weight to be given to their testimony. Each witness who testified took an oath to speak the truth. But you may decide that a witness was not truthful, or was mistaken, in his or her testimony, based on factors like the appearance and conduct of the witness, by how the witness testifies, by the character of the testimony given, or by other evidence or testimony that conflicts with that witness's testimony or calls its reliability into question.

You should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and other evidence that tends to indicate whether

a witness's testimony should be believed.  For example, you might consider each witness's motive, state of mind, interest in the prosecution or defense of the case, and his or her demeanor while on the stand.  Was the witness candid, frank, and forthright?  Or did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent in his or her testimony or did the witness contradict himself or herself?  Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit his or her testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent mis-recollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, consider whether it pertains to an important issue or to an unimportant detail, and whether it results from innocent error, on the one hand, or intentional falsehood, on the other.  You may also consider whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

If a witness is shown knowingly to have testified falsely concerning any important matter, you are free to discredit other aspects of that witness's testimony;

15

you may reject all the testimony of that witness, or you may assign it such weight as you think it deserves.

In determining the weight to be accorded a witness's testimony, you may also consider any evidence that the witness who testified may benefit in some way from giving testimony that favors one side or the other, or from the outcome of this case. For example, in this case, you have heard testimony from witnesses who may be seeking benefits from the United States government with respect to their immigration status in the United States. If you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility of his or her testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. A witness may have a very strong interest in the outcome of the trial and still give entirely truthful testimony. It is for you to decide to what extent, if at all, the witness's testimony may have been influenced in any way by a desire to receive a benefit from the government.

14.    Preparation of Witnesses

There was testimony at trial that the attorneys for the government, as well as case agents and other people working with the attorneys, interviewed witnesses when preparing for and during the course of the trial. There is nothing unusual or improper about a witness meeting with lawyers or agents before testifying. The weight you give to whether or how a witness prepared for his or her testimony, and what inferences you draw from it, is completely within your discretion.

16

15.    Prior Inconsistent Statements

You may have heard evidence that certain witnesses made statements on earlier occasions which are inconsistent with the witnesses' trial testimony. Evidence of the prior inconsistent statements was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of any witnesses who may have contradicted themselves. If you find that a witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in evaluating his or her credibility, and in deciding how much of his or her trial testimony, if any, to believe.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and, if so, how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part or none of the witness's testimony.

16.    Punishment

The question of what sentence Ms. Lubna might face if she is convicted of any criminal charges is not for you to consider or decide, and should not influence your deliberations. The duty of deciding and imposing a sentence if a person is convicted at trial rests exclusively upon the Court. Your role is to weigh the evidence and to determine whether or not the government has proven that Ms. Lubna is guilty beyond a reasonable doubt.

17.    Sympathy, Bias, or Prejudice

In deciding whether the government has met its burden of proof beyond a reasonable doubt, it would be improper for you to consider any personal feelings you

17

may have about the race, national origin, religion, gender, or age of Ms. Lubna or any of the witnesses. You must discharge your duties without discrimination, meaning that you must not be influenced by any personal likes or dislikes, opinions, prejudices, or biases, including unconscious bias.

Unconscious biases are stereotypes or attitudes that people may consciously reject but may be expressed without conscious awareness, control or intention. Unconscious biases can affect how we evaluate information and make decisions. All of us, no matter how hard we try, tend to look at other people and consider what they say through the lens of our own experience and background. We each have a tendency to stereotype others and make assumptions about them. You must do the best you can to put aside such stereotypes.

Under your oath as jurors, you are also not to be swayed by any sympathy you may feel for one side or the other. Nor should your verdict be swayed by sympathy for Ms. Lubna, nor for any witness who may have testified in this case. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of Ms. Lubna of each crime with which she is charged beyond a reasonable doubt?

It is for you alone to decide whether the government has met this burden as to each element of the crimes charged, solely based on the evidence before you and subject to the law as I charge you. If you let fear, prejudice, bias, or sympathy interfere with your thinking, you will not arrive at a true and just verdict.

## II. THE LEGAL ELEMENTS OF THE CRIMES CHARGED

I turn now to the second part of my instructions. Those are instructions about the legal elements of the specific charges against Ms. Lubna.

### A.  SUMMARY OF THE INDICTMENT

In order to place my instructions in context, I will start by giving you a summary of the crimes charged as stated in the indictment. However, I remind you again that this summary of the indictment is <u>not</u> evidence; rather, the indictment is simply an accusation and the way that criminal charges are brought. The fact that Ms. Lubna has been indicted on — that is, charged with — these crimes may not be considered by you as evidence of her guilt.

The indictment contains four counts.

Count One charges Ms. Lubna with conspiracy to kidnap Mazharul Islam in or about May 2023. Count Two charges Ms. Lubna with kidnapping Mr. Islam in or about May 2023. Count Three charges Ms. Lubna with conspiracy to kidnap Sheikh Mahode Hasan Preo in or about May 2023 through January 2024. Count Four charges Ms. Lubna with kidnapping Mr. Preo in or about May 2023.

I will now explain the law you must apply to each of these counts in the indictment. I will start by providing some definitions and clarifications. I will then instruct you as to the law relating to Counts Two and Four, charging kidnapping, and then as to the law relating to Counts One and Three, charging conspiracy to commit kidnapping.

Keep in mind that you must consider each count separately, and you must return a separate verdict for each count in which she is charged.

19

## B.  ACTING KNOWINGLY, INTENTIONALLY, AND WILLFULLY

Each of the Counts requires a finding as to the state of mind of Ms. Lubna in order to convict her.  As a general rule, the law holds people accountable only for conduct in which they intentionally engaged.   During these instructions, you will hear me use the terms "knowingly," "intentionally," and "willfully."  I will now define these terms for you.

### 1.  *Knowingly*

A person acts "knowingly" if he or she acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.

### 2.  *Intentionally*

A person acts "intentionally" if he or she acts deliberately and purposefully. That is, the acts must have been the product of his or her conscious objective, rather than the product of a mistake or accident.

### 3.  *Willfully*

An act is done "willfully" if it is done knowingly and with the intent to do something the law forbids, or with a bad purpose to disobey or disregard the law.  A defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

Whether a person acted knowingly, intentionally, or willfully is a question of fact for you to determine, like any other fact question.  Direct proof of a defendant's state of mind is almost never available.  In deciding whether the government has proven that Ms. Lubna acted with a particular state of mind, you may consider circumstantial evidence, such as her words, her conduct, her acts and all the

20

surrounding circumstances that were shown by the evidence, and the rational or logical inferences that you draw from the evidence.

Each of the elements of the crime charged — including whether Ms. Lubna acted knowingly, intentionally, or willfully with respect to that charge — must be established by the government beyond a reasonable doubt.

### C.  TERMS USED IN THESE JURY INSTRUCTIONS VS. TERMS IN THE INDICTMENT

You will see that the indictment at times uses the word "and" where my instructions use the word "or."  This is a result of how the government brings charges, and it is not a statement of law.  Where my instructions use the word "or" to describe an element of the crime charged, you should apply the facts to the law using the word "or," even if the indictment uses a different word.

For example, Count One of the indictment charges that Ms. Lubna conspired to seize, confine, inveigle, kidnap, abduct *and* carry away a person for ransom *and* reward *and* otherwise.  However, the criminal statute that Ms. Lubna is charged with violating states that a person is guilty of that crime if she conspires to seize, confine, inveigle, kidnap, abduct *or* carry away a person for ransom *or* reward *or* otherwise.

Where a statute specifies multiple alternative ways in which an offense may be committed — that is, by using the word "or" — the government only needs to prove one of those alternatives.  That is so even if the indictment alleges multiple ways in which the offense may have been committed.

## D. DATES AND TIMING

In charging Ms. Lubna with crimes occurring on certain dates, the indictment at times uses the terms "in or about," "on or about," or "between" certain dates. The government does not need to establish with certainty the exact date of an offense. It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged. Similarly, it is not necessary for the government to prove, in Counts One and Three, that the conspiracy lasted throughout the entire period alleged, but only that it existed for some period within that time frame.

## E. AIDING AND ABETTING

The indictment alleges that Ms. Lubna aided and abetted the commission of certain crimes. In particular, the indictment alleges that Ms. Lubna aided and abetted the crimes charged in Counts Two and Four — that is, the alleged kidnapping of Mazharul Islam and Sheikh Mahode Hasan Preo. I will instruct you on the law of aiding and abetting before addressing the specific crimes in the indictment.

The aiding and abetting statute, section 2(a) of Title 18 of the United States Code, provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures the commission of a crime is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the government to show that Ms. Lubna herself physically committed the crime with which she is charged in order for you to find her guilty. A person who aids or abets another to

22

commit an offense is just as guilty of that offense as if he or she committed it himself or herself.

Accordingly, you may find Ms. Lubna guilty of the offense charged if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense with which Ms. Lubna is charged and that Ms. Lubna aided or abetted that person in the commission of the offense.

Under the aiding and abetting statute, the first requirement is that you find that another person has, in fact, committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal act of another if no crime was committed by another person in the first place. But if you do find that a crime was committed, then you must consider whether Ms. Lubna aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that Ms. Lubna knowingly associated herself with the crime and that she participated in the crime by doing some act to help make the crime succeed. To establish that Ms. Lubna knowingly associated herself with a crime, the government must establish that she intentionally aided a person (or persons) with the intent to engage in the crime charged. To establish that Ms. Lubna participated in the commission of the crime, the government must prove that she engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of Ms. Lubna where a crime is being committed, even if Ms. Lubna knew that a crime is being committed, or merely associating with others who

23

are committing a crime, is not sufficient to establish aiding and abetting.  A person who does not know that the crime charged is being committed or is about to be committed, but does something that aids in the commission of that crime, is not an aider and abettor.  An aider and abettor must know that the crime is being committed and act in a way that he or she intended to bring about the success of that criminal venture.

### F.  COUNTS TWO AND FOUR: KIDNAPPING

I will now instruct you on the law related to Counts Two and Four of the indictment, which charge Ms. Lubna with kidnapping Mazharul Islam and Sheikh Mahode Hasan Preo, respectively.

Count Two of the indictment reads:

> In or about May 2023, within the Eastern District of New York and elsewhere, the defendant IFFAT LUBNA, together with others, did knowingly and intentionally seize, confine, inveigle, kidnap, abduct and carry away and hold, for ransom and reward and otherwise, a person, to wit: Mazharul Islam, and used one or more means, facilities, and instrumentalities of interstate and foreign commerce, to wit: cellular telephone and the internet, in committing and in furtherance of the commission of the offense.

Count Four of the Indictment reads as follows:

24

In or about May 2023, within the Eastern District of New York and elsewhere, the defendant IFFAT LUBNA, together with others, did knowingly and intentionally seize, confine, inveigle, kidnap, abduct and carry away and hold, for ransom and reward and otherwise, a person, to wit: Sheikh Mahode Hasan Preo, and used one or more means, facilities, and instrumentalities of interstate and foreign commerce, to wit: cellular telephones and the internet, in committing and in furtherance of the commission of the offense.

To prove the crime of kidnapping for each Count, the government must prove the following four elements beyond a reasonable doubt:

*First*, that Ms. Lubna seized, confined, inveigled, kidnapped, abducted, or carried away Mr. Islam or Mr. Preo;

*Second*, that Ms. Lubna held Mr. Islam or Mr. Preo for ransom or reward or for some other reason;

*Third*, that Ms. Lubna used a facility or instrumentality of interstate or foreign commerce in committing or in furtherance of the kidnapping; and

*Fourth*, that Ms. Lubna acted unlawfully, knowingly and willfully.

I will now explain each of the elements in greater detail.  Keep in mind that the government must prove each element beyond a reasonable doubt for you to convict Ms. Lubna of any one charge.  If, for example, the government proves elements one, two, and three of a particular charge beyond a reasonable doubt, but does not prove the fourth element, you must find her not guilty of that charge.

1.    The First Element: Kidnap

The first element that the government must prove beyond a reasonable doubt as to Counts Two and Four is that Ms. Lubna  seized, confined, inveigled, kidnapped, abducted or carried away Mr. Islam or Mr. Preo.

"Kidnap" means to take or carry away a person by force and against his will. "Seize," "confine," "abduct," and "carry away" all mean the physical or bodily taking and carrying away of a person, or the holding or restriction of someone by force or without that person's consent.  "Inveigle" means the enticement, cajoling, or tempting of a victim, usually through some deceitful means such as false promises or representations.  To find that Ms. Lubna inveigled Mr. Islam or Mr. Preo into accompanying her, you must find beyond a reasonable doubt that Ms. Lubna had the willingness and intent to use physical or psychological force to complete the kidnapping in the event that her deception failed.

As a reminder, you must consider Counts Two and Four separately, and determine whether, for the Count you are considering, the government has proven this first element beyond a reasonable doubt.

26

### 2.    The Second Element: Ransom, Reward, or Otherwise

The second element the government must prove beyond a reasonable doubt is that Ms. Lubna held Mr. Islam or Mr. Preo for ransom or reward or some other reason that she considered sufficient to benefit her.  Thus, it is sufficient for the government to prove that the reason Ms. Lubna held Mr. Islam or Mr. Preo was for monetary reward or financial gain.  However, the government need not prove that the reason that Ms. Lubna held Mr. Islam or Mr. Preo was for monetary reward or financial gain if the government proves that it was for some other purpose, whether legal or illegal, that Ms. Lubna considered sufficient to benefit her.

If you find that Ms. Lubna did not hold Mr. Islam or Mr. Preo for the reasons charged in the indictment, or if you have a reasonable doubt as to this element, then it is your duty to find her not guilty on that Count.  Again, you must consider Counts Two and Four separately, and determine whether, for the Count you are considering, the government has proven this second element beyond a reasonable doubt.

### 3.    The Third Element: Interstate Commerce

The third element that the government must prove beyond a reasonable doubt is that Ms. Lubna used a means, facility or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense.  The term "means, facility, or instrumentality of interstate or foreign commerce" can include the use of the telephone or the Internet in furtherance of the commission of the offense.

### 4.    The Fourth Element: Unlawfully, Knowingly, and Willingly

The fourth element that the government must prove beyond a reasonable doubt is that Ms. Lubna acted unlawfully, knowingly, and willfully.  I have already

27

instructed you on the meaning of the terms "knowingly" and "willfully." "Unlawfully" simply means contrary to law. In order to satisfy this element, the government must prove that Ms. Lubna knew that either Mr. Islam with regards to Count Two, or Mr. Preo with regards to Count Four, was not accompanying her voluntarily, but rather was forced or tricked into coming along.

You must consider Counts Two and Four separately, and determine whether, for the Count you are considering, the government has proven this fourth element beyond a reasonable doubt.

## G. COUNTS ONE AND THREE: KIDNAPPING CONSPIRACY

As I just explained, Counts Two and Four of the indictment charge Ms. Lubna with kidnapping. Counts One and Three of the indictment charge Ms. Lubna with conspiracy to commit kidnapping. Count One of the Indictment reads as follows:

> In or about May 2023, within the Eastern District of New York and elsewhere, the defendant IFFAT LUBNA, together with others, did knowingly and intentionally conspire to seize, confine, inveigle, kidnap, abduct and carry away and hold, for ransom and reward and otherwise, a person, to wit: Mazharul Islam, and used one or more means, facilities, and instrumentalities of interstate and foreign commerce, to wit: cellular telephones and the internet, in committing and in furtherance of the commission of the offense.

Count Three of the Indictment reads as follows:

In or about May 2023 and January 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant IFFAT LUBNA, together with others, did knowingly and intentionally conspire to seize, confine, inveigle, kidnap, abduct and carry away and hold, for ransom and reward and otherwise, a person, to wit: Sheikh Mahode Hasan Preo, and used one or more means, facilities, and instrumentalities of interstate and foreign commerce, to wit: cellular telephones and the internet, in committing and in furtherance of the commission of the offense.

A conspiracy is an agreement by two or more persons to accomplish some unlawful purpose. A conspiracy to commit a crime is a separate and different offense from the underlying crime that the alleged conspirators intended to commit. Forming a conspiracy — a partnership for criminal purposes — is itself unlawful.

In order to prove that Ms. Lubna is guilty of conspiracy, the government must prove each of the following three elements beyond a reasonable doubt:

*First,* two or more persons entered into the particular unlawful agreement charged in the Count that you are considering;

*Second,* the defendant you are considering knowingly and willfully became a member of the charged conspiracy; and

29

*Third,* that an overt act occurred; that is, a member of the conspiracy took some action that advanced the goals of the conspiracy.

If the government fails to prove Ms. Lubna guilty beyond a reasonable doubt of any of the three elements of Count One or Count Three, you must find her not guilty of that count.

Let me now discuss these three elements in more detail.

1.    The First Element: Existence of a Conspiracy

First, the government must prove beyond a reasonable doubt that two or more persons entered into the particular agreement charged in Count One or Three.  In other words, one person cannot commit the crime of conspiracy by himself or herself. Rather, the proof must convince you that at least two persons joined together in a common criminal scheme.

The government is not required to prove that members of the conspiracy met together or entered into any express or formal agreement.  Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  What the government must prove beyond a reasonable doubt is that there was a mutual understanding between two or more people to cooperate with each other to accomplish an unlawful purpose.

The government argues that the objective of the conspiracy charged in Count One was to kidnap Mr. Islam.  I previously instructed you on the law regarding kidnapping, and you should apply those instructions in determining whether the government has proved that two or more persons agreed to kidnap Mr. Islam.

30

The government argues that the objective of the conspiracy charged in Count Three was to kidnap Mr. Preo.  Again, I have instructed on the law regarding kidnapping, and you should apply those instructions in determining whether the government has proved that two or more persons agreed to kidnap Mr. Preo.

You may find that the existence of an agreement to commit a kidnapping has been established by direct proof.  However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the conduct of the parties involved.  In determining whether an agreement existed here, you may consider the actions and statements of all of those you find to be participants of the conspiracy alleged in Counts One and Three.

2.  The Second Element: Membership in the Conspiracy

The second element that the government must prove beyond a reasonable doubt is that Ms. Lubna knowingly and willfully became a member of the charged conspiracy.  I have already instructed you on what it means to act knowingly and willfully.  You must apply those definitions here.

In deciding whether Ms. Lubna was in fact a member of the conspiracy, you must consider whether Ms. Lubna participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.  The government must prove beyond a reasonable doubt that Ms. Lubna knowingly and willfully entered into the conspiracy with the specific intention of aiding the members of the conspiracy to accomplish its unlawful ends.

Ms. Lubna's participation in the conspiracy must be established by independent evidence of her own acts or statements, as well as those of her other

31

alleged co-conspirators, and the reasonable inferences that may be drawn from them. To become a member of the conspiracy, Ms. Lubna does not need to have known the identities of every member, or have been apprised of all of their activities. Moreover, Ms. Lubna does not need to have been fully informed as to all of the details, or the scope, of the conspiracy in order for you to find knowledge on her part.

The extent or duration of a defendant's participation in the conspiracy has no bearing on the issue of guilt. Any member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor parts in the scheme.

However, merely bring present at a place where criminal conduct is underway does not make that person a member of a conspiracy to commit that crime. This is true even if the person knows that a crime is being committed. I caution you that mere knowledge of or acquiescence in the unlawful plan, without participation, is not sufficient. The fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make that defendant a member. Nor does a defendant's mere association with one or more members of the conspiracy make the defendant a member. A person may know, or be friendly with, or work with a criminal without being a criminal himself or herself. More is required under the law. What is required is proof beyond a reasonable doubt that Ms. Lubna participated in a plan with personal knowledge of the purpose or objective — in this case, either to kidnap Mr. Islam or Mr. Preo — and with the intention of aiding in the accomplishment of that specific crime.

32

3.    The Third Element: An Overt Act

The third element that the government must prove beyond a reasonable doubt is that an overt act was performed in furtherance of the conspiracy.  An overt act is an action intended to help achieve the objective of the conspiracy.

The indictment alleges that the following overt acts were committed in the Eastern District of New York as to Count One:

(1) On or about May 11, 2023, IFFAT LUBNA, together with others, communicated with one another using cellular telephones regarding the kidnapping and assault of Mazharul Islam;

(2) On or about May 11, 2023, IFFAT LUBNA sent a text message via cellular telephone that contained a photograph of Mazharul Islam;

(3) On or about May 11, 2023, IFFAT LUBNA, together with others, assaulted Mazharul Islam in Queens, New York.

For Count Three, the indictment alleges that the following overt acts were committed in the Eastern District of New York:

(1) On or about May 10, 2023, IFFAT LUBNA, together with others, communicated with one another using cellular telephones regarding the kidnapping and assault of Sheikh Mahode Hasan Preo.

(2) On or about May 10, 2023, IFFAT LUBNA, together with others, confined Sheikh Mahode Hasan Preo in a BMW X5 in the vicinity of Long Island City, Queens, New York, and drove Sheikh Mahode Hasan Preo around Queens, New York, in the BMW X5;

33

(3) On or about May 10, 2023, IFFAT LUBNA, together with others, assaulted Sheikh Mahode Hasan Preo in Queens, New York.

The government is not required to prove that all of these acts, or that any particular overt act, was committed at precisely the time alleged in the indictment. Nor must you find that Ms. Lubna personally committed any of them. To satisfy its burden, the government must prove beyond a reasonable doubt that at least one of the conspirators, not necessarily Ms. Lubna, committed at least one overt act alleged in the indictment for the purpose of furthering some objective of the conspiracy.

The overt act does not need to be criminal in nature when considered separately and apart from the conspiracy, as long as it is an act that furthers or lends to the accomplishment of the conspiracy's objective.

## III. FINAL INSTRUCTIONS FOR DELIBERATIONS

In a few minutes you will go to the jury room for your deliberations. I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

You are entitled to your own opinion, but you should exchange views with your fellow jurors and listen carefully to each other. While you should not hesitate to change your opinion if you are convinced that another opinion is correct, your decision must be your own. If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your original view is wrong, do not hesitate because of stubbornness or pride to re-examine your own views, and to change an

34

opinion if you become convinced that it is mistaken. On the other hand, you must not surrender your honest convictions and beliefs as to the weight or effect of evidence solely because of the opinion of your fellow jurors, because you are outnumbered, or merely to return a verdict. Your final vote must reflect your own conscientious belief and evaluation of the evidence in determining whether the government has or has not proven its case against Ms. Lubna beyond a reasonable doubt.

The charges here are serious. A just determination of this case is important to the public, and it is equally important to Ms. Lubna.

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson. The foreperson will be responsible for signing all communications to the Court and for handing them to the deputy marshal during your deliberations. However, the foreperson's vote is entitled to no greater weight than that of any other juror. In this courthouse, the custom is for Juror No. 1 to be the foreperson. However, if Juror #1 does not wish to be the foreperson, or the jury decides, for whatever reason, to have another juror serve as the foreperson, you are free to do so.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching on this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you may give a note to my deputy, signed by your foreperson, who will provide it to me. No member of the jury should ever attempt to communicate with me by any means other than a signed writing; and I will never communicate

35

with any member of the jury about case through any method other than in writing, or verbally here in open court.

If you want to have some portions of the testimony repeated or provided to you, you can make the request by a note to my deputy.  If you decide that you'd like testimony read or supplied to you, I suggest that you be as specific as possible about the portion of the testimony that you'd like.  Longer portions of the testimony take longer for us to locate and review to make sure that we are giving you the appropriate portions and to get them back to you in the jury room.   So the more specific you can be, the more quickly we will be able to get you the materials you request.

Similarly, if you wish to see any of the exhibits in evidence, you may make the request by note to my deputy and I will make arrangements for you to review the exhibit either in the jury room or here in Court.

Bear in mind also that you should not reveal to any person — not even to the Court — how the jury stands on any issues in your deliberations until after you have reached a unanimous verdict on all counts.  So if you send a note to me during the trial, asking for evidence or addressing any topic, please don't tell me the results of any straw polls or votes you've taken so far.

Any verdict you reach must be unanimous, meaning that you all must agree on it.  Once you have reached your verdict, you will record your decision on a verdict sheet that I have prepared for you.  You should proceed through the questions in the order in which they are listed, and you should all agree on each answer on the verdict sheet.  The foreperson should complete the verdict sheet, date it, and sign it.  The

36

foreperson should then give a note to the marshal outside your door stating that you have reached a verdict. Do <u>not</u> specify what the verdict is in your note. The foreperson should keep the verdict sheet until I ask for it. Again, if you send the Court a note to let us know you have reached a verdict, do not indicate what the verdict is.

Your oath sums up your duty — and that is, without fear or favor you will well and truly try the issues between these parties according to the evidence given to you in court and the laws of the United States.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further about which you need to be charged.